**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DEON DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 19 C 3212** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **DRS. JACQUELINE MITCHELL** | ) | |
| **AND RICHARD ORENSTEIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

IDOC has filed a motion to quash the plaintiff's 30(b)(6) deposition subpoena. For the following reasons, the motion [Dkt. #93] is granted in part and denied in part. Fact discovery is now closed, as of June 8, 2022. [Dkt. #88]

This case is about an allegedly botched dental procedure plaintiff underwent at Stateville Correctional Facility on June 9, 2017. [Dkt. #65, Par. 1]. Plaintiff claims that, while taking care of plaintiff's cavity, defendant, Dr. Ornstein, drilled too deep and hit a nerve before filling the cavity [Dkt. #65, Par. 5]. In the days thereafter, plaintiff felt pain when drinking cold drinks or eating ice cream. [Dkt. #65, Pars. 7-8]. He sent a letter with his complaints to defendant, Dr. Mitchell, on June 14, 2017. [Dkt. #65, Pars. 9-10]. Plaintiff said he continued to experience pain but when he went back to the institution's dental clinic on July 7, 2017, Dr. Ornstein was there and, based on his previous experience, plaintiff decided to and did request care at an offsite dental facility. [Dkt. #65, Pars. 12-15]. Plaintiff returned a week later and made the same request of Dr. Mitchell, who was the head dentist. [Dkt. #65, Pars. 18-20]. Dr. Mitchell insisted on replacing the filling, which came

out three days later while plaintiff was brushing his teeth. [Dkt. #65, Pars. 21-23]. Plaintiff returned to the clinic on July 28, 2017, continuing to complain of pain and again requested offsite care. Instead, Dr. Mitchell had another go, replacing the filling once again. [Dkt. #65, Pars. 25-28]. Plaintiff alleges his pain continued, and he filed a grievance on July 31, 2017. [Dkt. #65, Pars. 33-34]. He was finally taken offsite for treatment on September 12, 2017. [Dkt. #65, Par. 36]. Plaintiff's lawsuit names the two dentists in their individual capacities and charges them with deliberate indifference, violating plaintiff's eighth amendment rights to the United States Constitution and 42 U.S.C. 1983.

Plaintiff served a non-party 30(b)(6) deposition subpoena on IDOC back on April 25, 2022, raising seven topics for examination scheduled for May 19, 2022. [Dkt. #93-1]. About a week and a half later, on May 11, 2022, defendant Mitchell's counsel, who also is counsel for IDOC, raised objections to all seven topics. [Dkt. #93-2]. The next day, May 12th, plaintiff withdrew Topics 1, 2, and 7, because they were no longer relevant once defendant Mitchell withdrew certain affirmative defenses on May 10th. [Dkt. #93-2]. That left Topics 3, 4, 5, and 6. After the parties exchanged emails with IDOC explaining its objections and plaintiff arguing against them, IDOC said it was standing on its objections a week and a half later on May 24th. [Dkt. #93-2]. At that time defendant asked for a phone conference during that week (May 24-27) and said it would file a motion to quash before the then-scheduled deposition date of June 2nd.

IDOC asked that plaintiff's counsel let them know about a conference by noon on May 25th. [Dkt. #93-2, at 2/5]. Indeed, Local Rule 37.2 mandates such conference before any related discovery motion can be filed in court. In contravention of the Local Rule's command plaintiff did not respond, Plaintiff did not respond and IDOC filed its motion at 3:30 in the afternoon of May 25th [Dkt. #95,

at 2], leaving it to the court to assess their non-party subpoena topics. When parties fail to compromise over discovery in good faith, as directed by Local Rule 37.2 (as the parties here have failed to do), *see, e.g., Gunn v. Stevens Security & Training Servs., Inc*., 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc*., 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp*., 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2."), the court has vast discretion to resolve their disputes. *See Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). That discretion means there is no "right" or "wrong" answer, and that is why it behooves parties to work out their difficulties. *See Ledo's Pizza Sys., Inc. v. Ledo's, Inc*., 2022 WL 159559, at *1 (N.D. Ill. 2022); *Stagger v. Experian Info. Sols., Inc*., 2021 WL 5299791, at *2 (N.D. Ill. 2021). Absent a negotiated agreement between counsel, the "loser" on a discovery motion might be "right" in the eyes of some decision makers, but "wrong" in the eyes of others. And given the discretionary nature of discovery decisions, a court's decision on discovery matters is, for all practical purposes, final. *See LKQ Corp. v. Gen. Motors Co.*, 2021 WL 4125097, at *1 (N.D. Ill. 2021)("Indeed, a party can only overturn a discovery ruling where there has been a mistake of law or an 'abuse of discretion.' Rule 72(a), Federal Rules of Civil Procedure."). And an abuse of discretion occurs when no reasonable person could agree with the district court's decision. *U.S. v. Guzman-Cordoba*, 988 F.3d 391 (7th Cir. 2021); *Vega v. Chicago Park District*, _F.4th_ (7th Cir. 2021). That is the course the parties have

chosen here.

**Topics 3 and 4:**

> 3. Policies and procedures for inmates requesting or receiving Care through Stateville Correctional Center, including required payments or proof of need for care.

> 4. Policies and procedures for inmates requesting or receiving Care off-site from Stateville Correctional Center, including how and why requests for off-site care are approved or denied.

Obviously, as drafted Topics 3 and 4 are hopelessly overly broad. The topics are not limited to any pertinent period, nor are they limited to dental care. It should have come as no surprise that they would have drawn a resounding objection. Completely open-ended discovery requests without time limitations rarely, if ever, withstand scrutiny. *Art Akiane LLC. v. Art & SoulWorks LLC*, No. 19 C 2952, 2021 WL 5163288, at *3 (N.D. Ill. Nov. 5, 2021); *see, e.g., Vann-Foreman v. Illinois Cent. R.R. Co.*, 2020 WL 6262361, at *3 (N.D. Ill. 2020); *Ehnert v. Steamfitters Loc. 449*, 2021 WL 461901, at *2 (W.D. Pa. 2021); *Farm Credit Leasing Servs. Corp. v. Smith*, 2020 WL 6163541, at *5 (E.D. Ark. 2020); *Free Stream Media Corp. v. Alphonso Inc*., 2017 WL 6209309, at *5 (N.D. Cal. 2017); *Cornette v. I.C. Sys., Inc*., 2017 WL 10398533, at *3 (S.D. Fla. 2017); *Lyons v. Leach*, 2014 WL 823408, at *1 (E.D. Mich. 2014). Why discovery requests are so commonly drafted this way continues to be a mystery. Hope may spring eternal but not in the context of judicial resolution of obviously overbroad discovery requests. Drafting open ended discovery requests like this are not only pointless, but, in the last analysis, irresponsible. Perhaps the thinking is "there's no harm in trying" and maybe a lax court won't see what is being attempted. But if the court does its job, the worst that could happen is that the manifestly overbroad requests will be corrected or revised by the court once they are challenged. But that sort of thinking misperceives both the lawyers'

4

responsibilities and ignores the fact that it is not the court's job to redefine and redraft overbroad discovery requests. *See, e.g., Kinon Surface Design V. Hyatt International Corp.*, No. 19 C 7736, 2022 WL 787956, at *2 (N.D. Ill. Mar. 15, 2022); *see also Chapman v. First Index, Inc.*, 2012 WL 13207962, at *4 (N.D. Ill. 2012); *Rotstain v. Trustmark Nat'l Bank*, 2020 WL 6550501, at *7 (N.D. Tex. 2020); *Copeland v. C.A.A.I.R., Inc.*, 2020 WL 972754, at *5 (N.D. Okla. 2020). When lawyers draft manifestly overbroad discovery requests, they are just wasting time and ensuring that they will lose the discovery controversy if and when presented to a court.

Once IDOC predictably objected, plaintiff's counsel finally said the topics were limited to the "relevant time period." What exactly that might be, plaintiff does not say, and there is no definition of relevant period in the subpoena rider. [Dkt. #93-2, at 6/6]. One supposes it might be July 7, 2017, to September 12, 2017, but who knows what plaintiff's counsel had in mind. Plaintiff's counsel also allowed that Topic 3 – although not Topic 4 for some unknown reason – was meant to be limited to dental care and was meant to be limited to received onsite at Stateville. [Dkt. #93-2, Page 2-3/5]. That's contrary to the definition plaintiff's counsel provided in the subpoena rider, which indicated that "care" meant not only all dental care, but all medical care as well. [Dkt. #93-2, at 6/6].

Beyond these very obvious flaws, we note that IDOC has provided documentation on policies regarding Topic 3 and 4. Plaintiff's counsel does not have any complaints about Topic 3 on-site information, [Dkt. #95, at 7-8], but argues that none of those documents clearly articulate the procedure for approving or denying a Stateville dentist's referral for a patient to receive off-site care. [Dkt. #95, at 7]. At the same time, plaintiff's counsel concedes that she has known since April 26, 2022, that the dentists submitted requests for off-site care to the vendor, Wexford. [Dkt. #95, at 5

n.2, 7]. So, plaintiff is barking up the wrong tree by targeting IDOC on how Wexford's procedure works. Plaintiff's excuse for that choice is because it would be too much trouble for plaintiff to go after Wexford and their former medical director. [Dkt. #95, at 8]. But, it is not up to a non-party deponent – even one with a little skin in the game, like IDOC – *see Lymon v. Chamberlain*, No. 17 CV 50093, 2020 WL 6940985, at *5 (N.D. Ill. Nov. 24, 2020)("Plaintiff alleges he received constitutionally inadequate medical care at an IDOC correctional facility by one of the IDOC's medical contractors. It would be difficult to say that the IDOC does not have an interest in the outcome of this case.")[1] – to pitch in and help a party who might feel overwhelmed by their tasks. Accordingly, IDOC's motion is granted as to Topics 3 and 4.

**Topic 5**

> 5. Requests by Deon Davis to receive off-site Care during the Relevant Time Period, and any responses or decisions made by Illinois Department of Corrections agents or representatives in response to said requests.

Here, IDOC contends that requests plaintiff made for offsite care should have been directed to a fact witness, rather than a 30(b)(6) witness. While the requests might have been made to a particular individual, it would seem that IDOC responds or processes those requests as an entity, so it would be a simple matter to provide a witness to offer testimony on the topic from July 7, 2017, to September 12, 2017. A video deposition on this one, limited topic would be brief and not burdensome at all; it should take no more than one hour. IDOC's motion as to Topic 5 is denied.

---

[1] Plaintiff relies to a great extent on *Lymon* because it was another inadequate care case brought by a prisoner. [Dkt. #95, at 4-5]. But unlike plaintiff's suit, *Lymon* involved a Monell claim and had an institutional defendant, Wexford, on the docket. As such, discovery allowed in such a case would always be far in excess of discovery in a case like the plaintiff's.

**Topic 6**

6. Policies and procedures for hiring dentists and dental assistants at Stateville Correctional Center, including the nature and scope of the employment contract.

[Dkt. #93-1]. Topic 6 is, at a best, a stretch – and a long one – because the two defendant dentists are being sued in their individual capacities. Plaintiff's counsel says the topic is relevant because it seeks evidence that could demonstrate that one or both Defendants were hired despite having limited capabilities or reputations for providing sub-optimal care. [Dkt. #95, at 6]. But IDOC is not a party, and its hiring policies are too far afield from this case. All plaintiff can come up with is that there's no *per se* rule precluding deposing a non-party when individuals are sued in their individual capacities. [Dkt. #95, at 6]. That is not a very compelling argument and, it is well to remember that "general propositions do not decide concrete cases." *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting). If even marginally relevant, a deposition on this topic of a non-party is not proportional to the needs of the case. Fed.R.Civ.P. 26(b)(1). IDOC's motion as to Topic 6 is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/9/22